ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 26, 2007

The Honorable Royce West
Chair, Committee on Intergovernmental Relations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0543

Re: Whether, in light of section 716.101 of the Health and Safety Code, a county may cremate an unidentified deceased pauper's remains (RQ-0551-GA)

Dear Senator West:

Health and Safety Code section 694.002(a), which requires a county commissioners court to "provide for the disposition" of a deceased pauper's body, implicitly permits the county to dispose of a pauper's remains by cremation. TEX. HEALTH & SAFETY CODE ANN. § 694.002(a) (Vernon 2003); *see* Tex. Att'y Gen. Op. Nos. GA-0301 (2005) at 2, JC-0228 (2000) at 5. Section 716.101 of the same code, however, prohibits a crematory from accepting unidentified human remains for cremation. *See, e.g.*, TEX. HEALTH & SAFETY CODE ANN. § 716.101 (Vernon Supp. 2006). On behalf of Senator Juan "Chuy" Hinojosa, you ask whether, in light of section 716.101, a county may have the remains of unidentified deceased paupers cremated.[1]

Section 694.002(a) requires a county commissioners court to "provide for the disposition of the body of a deceased pauper." TEX. HEALTH & SAFETY CODE ANN. § 694.002(a) (Vernon 2003). The commissioners court may adopt rules implementing this requirement. *See id.* Although no Texas court has considered a county's authority to cremate remains under section 694.002(a), this office has construed the subsection to authorize a commissioners court "to dispose of paupers' remains by burial, by donating the bod[ies] to a medical facility, or by cremation." Tex. Att'y Gen. Op. Nos. GA-0301 (2005) at 1, JC-0228 (2000) at 5. The means of disposition and the method by which the county selects a means of disposition are for the commissioners court to determine. *See* Tex. Att'y Gen. Op. Nos. GA-0301 (2005) at 2, JC-0228 (2000) at 5.

Chapter 716 of the Health and Safety Code regulates the operation of crematory establishments.[2] *See* TEX. HEALTH & SAFETY CODE ANN. ch. 716 (Vernon Supp. 2006); *see also*

_____

[1]*See* Letter from Honorable Royce West, Chair, Committee on Intergovernmental Relations, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Nov. 3, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]No person may conduct a crematory business in this state unless the owner or operator of the crematory "holds a crematory establishment license" issued by the Texas Funeral Service Commission. TEX. OCC. CODE ANN. §
(continued...)

*id.* § 716.001(10) (defining "crematory establishment" as "a business that operates a crematory for which a license is required under Subchapter N, Chapter 651, Occupations Code"). Under section 716.101, which you cite, "[a] crematory establishment may not accept for cremation unidentified human remains." *Id.*

You suggest that we should interpret section 716.101 to distinguish between unidentified remains brought to a crematory establishment by counties and those brought by other entities or individuals.[3] *See* Request Letter, *supra* note 1, at 2. But the Legislature has not, in section 716.101 or in any other statute of which we are aware, articulated such a distinction. Neither section 716.101 nor any other statute (such as Health and Safety Code section 694.002) excepts from chapter 716's requirements a county that is fulfilling its statutory duty to dispose of unidentified paupers' remains. *See, e.g.*, TEX. HEALTH & SAFETY CODE ANN. § 694.002 (Vernon 2003); *id.* § 716.101 (Vernon Supp. 2006). Moreover, were we to construe section 716.101 to create an exception for unidentified remains brought by a county, we would implicitly create a parallel exception to all of the other provisions in chapter 716 requiring identification of the remains. *See, e.g.*, TEX. HEALTH & SAFETY CODE ANN. § 716.052(a)(1) (Vernon Supp. 2006) (requiring the cremation form that must be received with the remains to identify the deceased person); *id.* § 716.102(a)(6) (requiring a crematory establishment to provide a receipt that identifies the deceased person to a representative of a funeral establishment); *id.* § 716.155(a) (requiring a crematory establishment to place cremated remains "with proper identification" into a temporary container or urn); *id.* § 716.251(a)(1) (requiring a crematory establishment to maintain a record listing the names of the deceased persons whose remains it has cremated).

Because a crematory establishment cannot accept unidentified remains for cremation, section 716.101 effectively abrogates a county's authority to dispose of an unidentified pauper's remains by cremation under section 694.002(a).[4] *See id.* § 716.101. Of course, chapter 716 does not affect a county's authority under section 694.002 to have the remains of an identified pauper cremated. *Cf.* TEX. GOV'T CODE ANN. §§ 311.025, .026 (Vernon 2005) (encouraging a construer to interpret statutes so that they harmonize or create limited exceptions).

---

[2](...continued)
651.656(a) (Vernon 2004); *see also id.* § 651.001(2) (defining "commission"); 22 TEX. ADMIN. CODE § 205.3 (2006) (Tex. Funeral Serv. Comm'n, Crematory License Requirement and Procedure).

[3]You indicate that the costs of cremation are "substantially less" than the costs associated with burial. Request Letter, *supra* note 1, at 1. Using Hidalgo County as an example, you state that "it currently costs the county $250 for each cremation and $1050 for each burial." *Id.*; *see also* Hearings on H.B. 2301 Before the House Comm. on County Affairs, 76th Leg., R.S. (Mar. 17, 1999) (statement of Representative Farabee) (estimating the normal cost of burial as $1,200 and the normal cost of cremation as $800).

[4]Section 716.201 of the Health and Safety Code authorizes a crematory to "refuse to accept deceased human remains or to perform a cremation if the crematory establishment . . . is aware of . . . any . . . lawful reason for refusing to accept or cremate the remains" unless the cremation is "authorized by a valid court order." TEX. HEALTH & SAFETY CODE ANN. § 716.201(a)–(b) (Vernon Supp. 2006). You do not ask, and we do not consider here, whether a crematory establishment could accept the remains of an unidentified pauper under section 716.201(a)(3) if the county had obtained a court order, even though section 716.101 specifically prohibits the acceptance of unidentified remains. *Cf.* TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 2005) (stating that if a general provision irreconcilably conflicts with a special provision adopted at the same time, "the special . . . provision prevails as an exception to the general provision").

## S U M M A R Y

Despite its authority to dispose of the body of an unidentified deceased pauper under section 694.002(a) of the Health and Safety Code by cremation, section 716.101 of the same code prohibits a crematory establishment from accepting such remains for cremation. Accordingly, a county may not have the remains of an unidentified pauper cremated.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee